The Honorable Steve Bell State Senator 500 East Main, Suite 208 Batesville, Arkansas 72501
Dear Senator Bell:
This is in response to your request for an opinion concerningAct 497 of 1997, which addresses the display or possession of a blue light in or on a vehicle. More specifically, you have presented the following questions:
 1. Does the Act forbid the use or display of blue lights on private vehicles?
 2. If a person is an auxiliary officer, can he/she display blue lights on his/her private vehicle?
 3. Can a certified full-time officer display blue lights on his/her private vehicle?
4. What does the Act specifically forbid the use of blue lights on?
In my opinion, Act 497 of 1997 prohibits the installation or operation of a blue light on any vehicle, except as otherwise provided by the statutes of the State of Arkansas. It is further my opinion that our statutes authorize the installation of blue lights on vehicles "used by" state, county, city, or municipal police agencies. Accordingly, a blue light may, in all likelihood, be installed on a private vehicle, only if that vehicle is one which is "used by" a police agency.
Arkansas Code Annotated §§ 27-36-301 to -305 generally regulate the use of emergency lights on emergency vehicles. Act 497 of 1997 amends A.C.A. §27-36-301 to provide in part:
 (b) Except as otherwise provided by the statutes of the State of Arkansas, it is unlawful for any person to install or activate or operate a blue light in or on any vehicle in this state or to possess in or on any vehicle in this state a blue light that is not sealed in the manufacturer's original package. As used in this section, "blue light" means an operable blue light which:
 (1) Is designed for use by an emergency vehicle, or is similar in appearance to a blue light designed for use by an emergency vehicle; and
 (2) Can be operated by use of the vehicle's battery, the vehicle's electrical system, or a dry cell battery.
Where the language of a statute is plain and unambiguous, the Arkansas Supreme Court will determine legislative intent from the ordinary meaning of the language used. Mountain Home Sch. Dis. v. T.M.J. Builders,313 Ark. 661, 858 S.W.2d 74 (1993). Accordingly, it is my opinion that A.C.A. § 27-36-301 prohibits the installation or operation of a blue light on any vehicle, except as otherwise provided by the statutes of the State of Arkansas.
Two Arkansas statutes generally permit the use of blue lights. Arkansas Code Annotated § 27-36-303 provides: "All state, county, or city and municipal police agencies shall install, maintain, and exhibit blue rotating or flashing emergency lights upon all police motor vehicles which are equipped with emergency lighting and operated within the State of Arkansas." In addition, this office has opined that A.C.A. §27-49-219(d) permits motor vehicles used by state, county, municipal, or city police agencies to be equipped with blue rotating or flashing emergency lights. See Op. Att'y Gen. 95-305. Section 27-49-219(d) provides in part:
 (1) "Authorized emergency vehicle" means authorized emergency vehicles which shall include:
 (A) Motor vehicles used by state, county, or city and municipal police agencies, all of which shall be equipped with:
(i) Blue; or
(ii) Blue, red, or white rotating or flashing emergency lights;
In an opinion issued in 1989, my predecessor relied upon A.C.A. §27-49-219(d)(1) to conclude that an auxiliary deputy sheriff's personal motor vehicle qualifies as one which is "used by" the county when the auxiliary deputy is engaged in official duties. See Op. Att'y Gen. 89-125
(copy enclosed). My predecessor noted that auxiliary deputy sheriffs, when performing assigned duties under the direct supervision of a full-time certified law enforcement officer, act on behalf of and through the sheriff's department.[1] I am in general agreement with my predecessor's conclusion. Similarly, it is my opinion that the private motor vehicle of a full-time law enforcement officer, if used in the performance of official duties, also qualifies as a vehicle "used by" a state, county, city, or municipal police agency. It must be emphasized that the foregoing statute simply refers to a vehicle "used by" a police agency rather than to a vehicle "owned by" a police agency.
In sum, it is my opinion that an auxiliary or a full-time law enforcement officer may, in all likelihood, install blue lights on his or her private vehicle, if his or her private vehicle is one which is "used by" a state, county, city, or municipal police agency. This conclusion is generally supported by Act 1281 of 1997 which permits a "law enforcement officer" to purchase a blue light.[2]
Finally, the question of whether an individual's private vehicle is one which is "used by" a police agency is a question of fact. This office is neither equipped nor authorized to answer questions of fact. A decision in this regard should initially be made by the chief of police, sheriff, or other governing authority.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Arkansas Code Annotated § 12-9-303(a) provides that "An auxiliary law enforcement officer shall have the authority of a police officer as set forth by statutes of this state when the auxiliary law enforcement officer is performing an assigned duty and is under the direct supervision of a full-time certified law enforcement officer."
[2] Act 1281 provides in part:
 (a)(1) It shall be unlawful to sell a blue light or blue lens cap to any person other than a law enforcement officer or a county coroner.
 (2) It shall be unlawful for a person other than a law enforcement officer or a county coroner to buy a blue light or blue lens cap.
It should also be noted that Act 497 of 1997 provides in part: "It shall be unlawful to sell or transfer a blue light to any person other than a certified law enforcement officer."